UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20837-CR-SEITZ/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HARRISON GARCIA

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Report and Recommendation [DE 76] denying Defendant Garcia's Motion to Suppress. [DE 26.] Garcia has filed objections to the Report [DE 82], to which the Government has responded.[1] [DE 86.] The Court has conducted a *de novo* review of the record, including the objections, the response and the transcript of the Suppression Hearing, dated January 23, 2017. The Court finds the Report's factual findings to be reasonable and supported by the record, and its legal conclusions to be consistent with the law. The Motion is therefore denied.

BACKGROUND

Garcia is charged with five counts: conspiracy to possess with intent to distribute controlled substances, maintaining a drug-involved premises, possession with intent to distribute controlled substances, and two counts of possession of a firearm in furtherance of a drug-trafficking crime. [DE 10.] Garcia was stopped while driving and arrested without a warrant on October 18, 2016, at 5:50 PM. Upon his arrest, agents from Homeland Security Investigations (HSI) searched Garcia's vehicle and returned him to a dwelling located at 7751 SW 29th Street, Miami, Florida ("target residence"),

---

[1] Garcia filed an untimely 18-page Reply [DE 89] on March 10, 2017. The Reply does not comply with Local Rule 7.1, which requires all reply briefs to be no more than ten pages in length and filed within seven days of a response. Garcia's Reply will not be considered.

1

as a search warrant of that residence was being executed. The search revealed various firearms, bags of marijuana and other narcotics, U.S. currency and drug paraphernalia. [DE 1 at 2-3.] After Garcia was advised of his *Miranda* rights at approximately 7:30 PM, he allegedly signed a *Miranda* Statement of Rights Waiver Form and admitted to selling narcotics. He also purportedly gave verbal and written consent for agents to search (1) a second residence, (2) a commercial storage unit, and (3) all of Garcia's cellular phones. These searches revealed additional evidence of narcotics distribution and firearms possession. [DE 1 at 3-4.]

Garcia filed a Motion to Suppress on December 26, 2016. He moved to suppress evidence obtained from two search warrants,[2] arguing that both warrant applications contained false statements and relied on an unreliable informant. He also moved to suppress evidence seized from his vehicle, arguing that agents lacked probable cause to stop and arrest him. In addition, Garcia moved to suppress his post-*Miranda* statements and all evidence seized pursuant to his consent to search. He claims (1) his three requests for an attorney were ignored, and (2) he never signed the waiver and consent to search forms.

On January 5, 2017, Magistrate Judge Turnoff scheduled an evidentiary hearing for January 23, 2017. On January 20, 2017, Garcia requested a continuance of the hearing so that his counsel could have additional time to prepare. [DE 45.] Judge Turnoff denied the continuance[3] and, after

---

[2] HSI agents obtained two search warrants pertaining to Garcia—one for Garcia's Instagram account [DE 35-3] obtained in September 2016, and another for the target residence obtained in October 2016. [DE 35-4].

[3] In his Objections, Garcia argues that Judge Turnoff abused his discretion by holding the hearing before his counsel had time to review ariel surveillance footage provided by the Government and discuss the evidence with Garcia. However, the Government began producing discovery on November 17, 2016. [DE 14.] Garcia's counsel was permitted to view the ariel surveillance footage at a discovery conference on December 5, 2016. The Motion to Suppress was filed on December 26, 2016; and on January 5, 2017, Judge Turnoff set the hearing for January 23, 2017. Thus, it appears Garcia's counsel had several weeks to prepare for the hearing. Moreover, despite the fact that Garcia has been incarcerated on a separate offense since Decemeber 12, 2016, Garcia only raised the continuance issue in a conclusory motion on the Friday afternoon before the Monday, January 23, 2017 hearing.

reviewing Garcia's Motion, limited the scope of the hearing to Garcia's alleged *Miranda* waiver and consent to search. [Hr'g Tr. 19:15-25; 20:1-2.] Both Garcia and the arresting officer, Agent Rimas Sliazas, testified at the hearing.

## DISCUSSION

The Report recommends denying Garcia's motion. With regards to the search warrants, the Report found the warrant applications to be valid, denied Garcia's request for a *Franks* hearing and confirmed that probable cause existed to issue both search warrants. As to the arrest, the Report found that HSI agents had probable cause to arrest Garcia and search his vehicle based on the warrant applications, including two controlled narcotics purchases and a trash pull; the search warrant returns; and the testimony of Agent Sliazas. As to the post-*Miranda* statements and searches, the Report found that Garcia properly signed and executed the waiver and consent to search forms.

### A. The Search Warrants

Garcia objects to the finding of probable cause for the searches, arguing that he had no opportunity to challenge the search warrants at the suppression hearing. His objection ignores the fact that he exercised his right to challenge the search warrants when he filed his Motion to Suppress. While long on the law, the Motion fails to tie the law to any specific relevant facts. Where a motion to suppress fails to show that relief is warranted, the Court may exercise its discretion and decline to hold a hearing. *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000). Judge Turnoff held a hearing, but at the outset of the hearing found the search warrants and supporting affidavits to be valid, [Hr'g Tr. 14:1-2; 15:23-25], and limited the scope of the hearing to other issues. [Hr'g Tr. 19:15-25; 20:1-2.] Garcia did not object, and in fact, tacitly agreed that the hearing should be focused on his alleged *Miranda* waiver and consent to search. [Hr'g Tr. 13-15.]

Moreover, Garcia fails in his Motion to point out a single false statement or material omission in the warrant applications. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978) (requiring

3

the defendant to make a preliminary showing that a material omission or false statement in the warrant application altered the probable cause showing). He merely makes conclusory allegations that the affidavits contain misrepresentations without specifying the facts being misrepresented or omitted. Nor does Garcia provide any evidence to show that the confidential informant's information regarding the purchases was unreliable. Thus, Garcia did not meet his threshold burden. Therefore, the warrant applications are valid and the *Franks* hearing was properly denied.

### B. Garcia's Arrest and Vehicle Search

Garcia objects to the finding of probable cause for his arrest, arguing that agents lacked "first hand reliable knowledge" of illegal activity.[4] However, "first hand reliable knowledge" is not the standard for probable cause. Moreover, the record reveals that agents had ample knowledge of suspected criminal activity to establish probable cause. Garcia previously pled guilty with adjudication withheld for two separate narcotics charges. [DE 35-3 at 7.] HSI agents had been observing Garcia's Instagram account—"muhammad_a_lean,"— since February 2016. [DE 35-3 at 6.] The account contained multiple photos of Garcia alongside bottles of promethazine with codeine, marijuana, firearms and U.S. currency. *Id.* at 6-7. Records provided by Instagram on October 12, 2016, revealed conversations between Garcia and others apparently negotiating the sale of narcotics. [DE 35-4 at 5.] In August and September 2016, agents conducted two audio- and video-recorded controlled purchases of narcotics from Garcia using a documented confidential informant.[5] [DE 35-3 at 6-8.] A trash pull at the target residence on October 12, 2016, retrieved empty bottles of promethazine with codeine and marijuana paraphernalia. [DE 35-4 at 6.] The record above meets the

---

[4] Garcia also maintains that Magistrate Judge Turnoff wrongfully precluded any testimony as to the validity of the search warrants. However, as discussed above, Garcia agreed to the limit the scope of the hearing.

[5] Although the affidavits provide no information about the informant's reliability, law enforcement is not required in every case to provide such information. An informant's veracity and reliability are "relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations." *Illinois v. Gates*, 462 U.S. 213, 233 (1983). Given the totality of evidence in the affidavits, the reliability of the informant is not dispositive. Furthermore, the informant's activities were corroborated through video and audio recordings. *See Ortega*, 85 F.3d at 1525 ("[C]orroboration of the details of an informant's tip through independent police work adds significant value to the probable cause analysis.").

4

standard for probable cause.[6] *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (finding probable cause to arrest when the facts within an agent's knowledge, based on reasonably trustworthy information, would cause a reasonable belief that a crime has been committed). Given that probable cause existed to arrest Garcia for drug crimes, agents also had probable cause to search his vehicle. *See Thornton v. United States*, 541 U.S. 615, 632 (2004) (holding that officers have probable cause to search a vehicle when a suspect is removed from his vehicle and arrested for drug crimes).

### C. Garcia's Request for Counsel

Garcia claims in his Motion that he requested counsel three times prior to executing the waiver form—once upon his arrest, once while inside the target residence, and once after being advised of his *Miranda* rights. The Report did not make a finding on this claim. Instead, the Report found that Garcia voluntarily executed the waiver form. The Court reviews the claim *de novo*.

Once a suspect in custody asks to speak to an attorney, he may not be subjected to further interrogation until counsel is present, unless he intiates further conversations with the police. *Edwards v. Arizona*, 451 U.S. 477, 485-86 (1981). Garcia bears the burden to establish his request for counsel. *United States v. Armstrong*, 722 F.2d 681, 685 (11th Cir. 1984). Garcia testified that he requested an attorney three times: (1) as he was taken into custody [Hr'g Tr. 79:14-15]; (2) while inside the target residence following his arrest [Hr'g Tr. 85:8-19; 86:7-10]; and (3) as Agent Selent was reading the waiver form outside the target residence.[7] [Hr'g Tr. 87:8-13; 91:7-19.] Garcia maintains that the arresting agent, Agent Sliazas, was not present when his requests were made.

---

[6] Garcia cites *Whiteley v. Warden, Wyo. St. Penitentiary*, 401 U.S. 560, 565 n.8 (1971) for the proposition that a court may not, on a motion to suppress, assess probable cause based on evidence not previously disclosed to the magistrate. However, Garcia does not specify any evidence disclosed at the hearing that was not within Agent Slaizas' knowledge at the time of the arrest. Moreover, this Court's assessment of probable cause above only considers information known to law enforcment at the time of the arrest.

[7] Garcia claims to have made his second request in front of Agent Selent and Norellis Garcia. [Hr'g Tr. 85:8-19; 86:7-10.] Neither individual was called to testify. Garcia also claims that a "beared" agent was present when he made his third request. [Hr'g Tr. 81:9-16.] The bearded agent was present at the evidentiary hearing, but was not called to testify.

5

Agent Sliazas on the other hand claims he was with Garcia from the time of his arrest, except when Garcia was inside the target residence. [Hr'g Tr. 55:4-5; 59:21-23.] According to Agent Sliazas, Garcia never requested an attorney in his presence, [Hr'g Tr. 32:11-13; 67:2-4, 19-21], and in fact, verbally indicated his intent to cooperate. [Hr'g Tr. 36:15-23.]

In light of the two conflicting accounts, Garcia has not satisfied his burden to establish a request for counsel. He offers no evidence aside from his own testimony, which Magistrate Judge Turnoff discredited in light of Garcia's on-the-record explanation his prior drug offenses, his previous *Miranda* waivers, and his access to the target residence. [DE 76 at 19-23.] After reviewing the hearing transcript, the Court finds Judge Turnoff's credibility assessment to be believable and applies the assessment here. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (deferring to the magistrate judge's credibility determinations unless his understanding of the facts appears to be unbelievable). Moreover, Agent Sliazas' testimony is bolstered by the undisputed testimony as to Garcia's efforts to cooperate with agents by providing them access to the second residence and his cellular phones. Based on all the testimony, the Court finds that Garcia did not ask to speak to an attorney; thus his right to counsel was not violated.

**D. Waiver and Consent**

Garcia objects to the finding that he voluntarily waived his *Miranda* rights. First, he argues there are no video or audio recordings of him waiving his rights. However, the Government need only prove by a preponderance of the evidence that a suspect knowingly, intelligently and voluntarily waived his rights. *United States v. Chirinos*, 112 F.3d 1089, 1102 (11th Cir. 1997); *see also United States v. Goodman*, 147 Fed. App'x 96, 102 (11th Cir. 2005) ("There is no requirement that an interview be recorded, even if a video camera is available[.]").

*1. Garcia's consent was voluntary.*

Garcia argues that his consent to search was the product of coercion by law enforcement.

6

Specifically, he contends that he was surrounded by armed guards and that his consent was a "submission to apparent authority" rather than voluntary consent. The voluntariness of consent is a question of fact determined in light of the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973). Relevant factors include the use of coercive procedures, the extent of the person's cooperation, his awareness of the right to refuse consent, and his education and intelligence. *United States v. Purcell*, 236 F.3d 1274, 1281 (11th Cir. 2001).

Agent Sliazas testified, and Garcia does not dispute, that at the time the consent form was read, Garcia was not in handcuffs, he was outside the target residence and agents had holstered their weapons. [Hr'g Tr. 36:2-14.] Agent Sliazas also testified that he removed his body armor shortly after the arrest, [Hr'g Tr. 31:9-20], took steps to make sure that Garcia was not injured [Hr'g Tr. 28:10-24], and offered him food and water. [Hr'g Tr. 43:10-16.] Garcia was relaxed and did not appear to be under the influence of alcohol, and had a command of the English language. [Hr'g Tr. 38:3-19; 58:18-23.]

Garcia on the other hand testified that he had no intention to cooperate but "felt like [he] was against the wall." [Hr'g Tr. 92:2-3.] However, as noted above, Magistrate Judge Turnoff discredited Garcia's statements in light of his entire testimony. [DE 76 at 19-23.] The Court finds Judge Turnoff's assessment to be reasonable; and declines to accept Garcia's testimony in this regard. Based on Agent Sliazas' testimony, it appears Garcia's consent was voluntary.

*2. Garcia's consent included the second apartment, the storage unit and his cellular phones.*

Garcia further argues that the consent form does not sufficiently specify the property to be searched. The form listed the street address of the second residence without identifying an apartment number, an unidentified "storage location," and Garcia's cellular phones. When a defendant gives a general statement of consent, the scope of the permissible search "is constrained by the bounds of reasonableness: what a police officer could reasonably interpret the consent to encompass." *United*

7

*States v. Street*, 472 F.3d 1298, 1308 (11th Cir. 2006); *see also United States v. Milian-Rodriguez*, 759 F.2d 1558, 1564 (11th Cir. 1985) (noting that a defendant's additional description of property to be searched provides additional evidence of his consent). While the consent form does not list an apartment number for the second residence or an address for the storage unit, Agent Sliazas testified that Garcia provided these locations to law enforcement. In addition, Garcia provided law enforcement with the passwords necessary to access his cell phones. [Hr'g Tr. 46:1-25; 73:6-25; 74:1-12.] Given his assistance in locating the areas to be searched, it was reasonable for agents to believe that Garcia consented to those searches.

Therefore, it is

ORDERED THAT:

(1) Garcia's Objections to the Report and Recommendation [DE 82] are **OVERRULED**.

(2) The Report and Recommendation [DE 76] is **AFFIRMED AND ADOPTED**.

(3) Defendant Garcia's Motion to Suppress [DE-26] is **DENIED**.

DONE and ORDERED in Miami, Florida, this 16th day of March, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      Counsel of Record