UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20837-CR-SEITZ/TURNOFF

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HARRISON GARCIA

    Defendant.
_____/

## ORDER DENYING POST-TRIAL MOTIONS

THIS MATTER is before the Court on Defendant Harrison Garcia's Motion for Judgment of Acquittal [DE 131] and Motion for a New Trial [DE 132]. The Government has filed a consolidated Response [DE 133]. Having reviewed the parties' papers and the record, the motions are denied.

### BACKGROUND

In August 2015, Homeland Security began investigating Garcia for narcotics trafficking after identifying him in Instagram photos with controlled substances, firearms and currency. On October 18, 2016, Garcia was arrested based on probable cause and a search warrant was executed on the "Target Residence," located at 7751 SW 29th Street, Miami, Florida. Garcia was charged in a five-count indictment with conspiracy to distribute narcotics (Count 1), maintaining a drug-involved premises (Count 2), possession with intent to distribute (Count 4), and two counts of possession of a firearm in furtherance of a drug-trafficking crime (Counts 3 and 5). On April 10, 2017, a jury found Garcia guilty on all five counts.

### DISCUSSION

**A. Rule 29 Motion for Judgment of Acquittal**

Garcia moves for a judgment of acquittal on Counts 1-3 and 5. Under Rule 29, the Court must decide whether the evidence, examined in a light most favorable to the Government, was sufficient to

1

support the jury's findings of guilt beyond a reasonable doubt. *United States v. Williams*, 390 F.3d 1319, 1323 (11th Cir. 2004). All inferences and credibility choices are made in favor of the verdict. *Id.*

As to Counts 3 and 5, Garcia claims there was no evidence that the firearms were operable. However the Government need not prove that a firearm is operable in order to sustain a conviction under 18 U.S.C. § 924(c). *United States v. Green*, 296 Fed. App'x 811, 814 (11th Cir. 2008) (citing *United States v. Adams*, 137 F.3d 1298, 1300 (11th Cir. 1998)).

As to Counts 1 and 2, Garcia claims there was no proof that other individuals conspired to sell narcotics or that the Target Residence was used for dealing drugs. His position has no merit. The Government presented evidence that Dania Jimenez was the lessee of the Target Residence where drugs, ledgers, scales and U.S. currency were found. Additional evidence of drugs and drug paraphernalia was retrieved from a "trash pull" outside the house. Garcia confessed that he paid Jimenez to lease the Target Residence on his behalf. Moreover, the Government presented video surveillance of Garcia and Nathan Paredes leaving the Target Residence and traveling together to sell narcotics. Examining the evidence in the light most favorable to the Government, the Court must deny the motion and let the jury's verdict stand.

**B. Rule 33 Motion for A New Trial**

Garcia makes eight arguments for a new trial, some of which were previously raised and denied. Under Rule 33, the Court need not view the evidence in a light most favorable to the verdict. It may weigh evidence and consider the credibility of witnesses. The Court may grant a new trial if it concludes that, despite the abstract sufficiency of the evidence, the evidence preponderates heavily against the verdict such that a serious miscarriage of justice may have occurred. *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005).

*1. Instagram Records*

Garcia argues that the Instagram posts and messages, as well as other text messages admitted

2

into evidence, were unauthenticated and admitted in violation of the Confrontation Clause. However, Garcia stipulated to the admissibility of the text messages prior to trial. [DE 136-43.] As to the Instagram posts and messages, these records were authenticated prior to trial as records maintained by Instagram in the course of regularly conducted activity pursuant to Rule 902(11). [DE 91-1.] Moreover, the Instagram records were not hearsay because they were records of Garcia's regularly conducted business activity pursuant to Rule 803(6). The statements of other individuals on the messages were not made to law enforcement in a custodial setting. Therefore, they do not violate the Confrontation Clause. *See United States v. Ramirez*, 658 Fed. App'x 949, 953-54 (11th Cir. 2016).

Garcia also objects to Agent Selent's non-expert testimony interpreting the Instagram records for the jury. Agent Selent was the case agent testifying as to his perception of the Instagram posts obtained during his investigation of Garcia. Case agents are generally permitted to testify as lay witnesses about matters reflecting personal knowledge gained in investigating the case at bar. Fed. R. Evid. 701 authors' cmt. 1. Therefore, Garcia's position has no merit.

*2. Nathan Paredes Interview*

Garcia claims that during his cross-examination of Agent Selent, Selent reiterated statements of alleged co-conspirator Nathan Paredes that were not disclosed prior to trial. According to Garcia, Selent's testimony is hearsay and the Government's failure to disclose these statements is a violation of the Court's standing discovery order. However, the Government was only required to turn over Paredes' statements if it called Paredes to testify in its case-in-chief or if the specific statements were exculpatory in nature. The Government did not call Paredes to testify. Nor did Selent testify as to any specific statements made by Paredes. Instead, in response to Garcia's question as to how Selent knew Paredes was involved in the conspiracy, Selent testified that Paredes came to his office and offered a full confession. The contents of that confession were not discussed. Nor did Garcia object to Selent's testimony at trial. Therefore, the Government did not violate the Court's discovery order.

3

Furthermore, because Selent did not testify as to any of Paredes' statements, his testimony is not hearsay.

### 3. 404(b) Evidence of Prior Crimes

Garcia objects to the Government's use of his prior state convictions under Rule 404(b). These objections were previously considered and rejected prior to trial in the Order Denying Motion to Exclude 404(b) Evidence [DE 77]. Garcia has not raised any new argument that warrants further consideration.

### 4. Testimony of Norelys Garcia

Garcia argues that the Court abused its discretion in striking the entire testimony of defense witness Norelys Garcia after she invoked her right against self-incrimination shortly after cross-examination had commenced. After a witness invokes her right against self-incrimination, a court need not strike her direct testimony if the cross-examination went only to collateral matters bearing on her credibility. *United States v. Monaco*, 702 F.2d 860, 871 (11th Cir. 1983). Once Ms. Garcia invoked her Fifth Amendment privilege, the Court appointed counsel to advise her. Outside the presence of the jury, the Government cross-examined Ms. Garcia, and with the assistance of counsel, she continued to invoke her right against self-incrimination as to each question. Based on the Government's questions, the Court found that Ms. Garcia had a well-founded fear of self-incrimination and confirmed that her testimony on cross-examination would go to substantive rather than collateral issues. Therefore, the Court did not err in striking Ms. Garcia's entire testimony.

### 5. Proving Count 2 in the Disjunctive.

Garcia re-argues that the Court improperly instructed the jury as to Count 2. The jury was instructed that the Government need only prove that Garcia rented, used *or* maintained a place for purposes of selling narcotics. Garcia claims that the jury instructions should have tracked the language

4

of the indictment, which charges him with knowingly renting, using *and* maintaining a place for purposes of selling narcotics. [DE 10.] His argument is without merit. Based on Eleventh Circuit precedent, which Garcia acknowledges as controlling, jury instructions may properly be framed in the disjunctive. *United States v. Seher*, 562 F.3d 1344, 1363 (11th Cir. 2009).

*6. Duplicative Charges*

Garcia objects to Counts 3 and 5—possession or use of a firearm in furtherance of a drug trafficking crime—as duplicative and in violation of *Blockburger v. United States*, 284 U.S. 299, 304 (1932). However, the Eleventh Circuit has consistently held that a defendant may be convicted of multiple charges under 18 U.S.C. § 924(c) if each charge is linked to a separate crime. *United States v. Rahim*, 431 F.3d 753, 757 (11th Cir. 2005) (citing *United States v. Hamilton*, 953 F.2d 1344, 1346 (11th Cir. 1992)). Here, Count 3 charged Garcia with possession of a firearm in furtherance of the crime charged in Count 2, to wit maintenance of a drug involved premises for purposes of distributing marijuana and promethazine with codeine. Count 5 charged possession of a firearm in furtherance of Count 4, to wit possession with intent to distribute alprazolam. Because Counts 2 and 4 are different, Counts 3 and 5 are not duplicative.

*7. The Alleged "Golden Rule" Argument*

Garcia contends that the Government made what is tantamount to an improper "Golden Rule" argument by referring to the jury as "you" and the prosecution as "I" during its closing. A "Golden Rule" argument asks jurors to place themselves in the victim's position, imagine the victim's pain or imagine how they would feel if the victim were a relative. *Grossman v. McDonough*, 466 F.3d 1325, 1348 (11th Cir. 2006). The Government made no such request. Moreover, Garcia fails to explain how merely referring to the jury as "you" and the Government as "I" is "designed to elicit sympathy for the victim." *Id.* Therefore, Garcia has not shown a "Golden Rule" violation.

*8. Sufficiency of the Evidence*

Garcia once again argues that the evidence does not support the jury verdict. He made a similar argument under Rule 29, which is addressed above. Even under the more liberal standard governing Rule 33 motions, the Court is not persuaded that a new trial is warranted. The Government presented evidence that Garcia conspired with Nathan Paredes and Dania Jimenez to distribute narcotics. He confessed to paying Ms. Jimenez to rent the Target Residence on his behalf. During a search of the target residence, Homeland Security seized drugs, drug paraphernalia and U.S. currency. Agents also videotaped Garcia and Paredes leaving the residence together to sell narcotics. Based on this evidence and other evidence presented at trial, there was more than sufficient basis on which a reasonable jury could base its verdict.

For the reasons stated above, the evidence, viewed under the lens of both Rule 29 and Rule 33, is sufficient to support the jury's findings of guilt as to all counts. Accordingly, it is

ORDERED THAT:

Defendant Harrison Garcia's Motion for Judgment of Acquittal [DE 131] and Motion for a New Trial [DE 132] are **DENIED**.

DONE and ORDERED in Miami, Florida, this 11th day of July, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Turnoff
       Counsel of Record